## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

In Re: Joan Fabrics Corporation, et al.
_____

| | | |
|---|---|---|
| Fred Godley, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 14-774 |
| | : | Bankruptcy Case No. 07-10470 |
| Rutherford County, | : | AP No. 14-19 |
| | : | |
| Appellee. | : | |

## **RECOMMENDATION**

At Wilmington this **21st** day of **July, 2014**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.  This appeal arises from a denial of a motion to enforce a sale order filed by appellant, who is the representative of certain purchasers, against the appellee, Rutherford County, North Carolina.  The appellee is the governing body of a North Carolina taxing unit. Under North Carolina law N.C. Gen. Stat. § 105-380, "[t]he governing body of a taxing unit is prohibited from releasing, refunding or compromising all or any portion of the taxes levied

against any property within its jurisdiction except as expressly provided in this Subchapter." The Subchapter does not provide a statutory basis for appellee to compromise the personal property taxes at issue in this matter.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Through this Order, the parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1. Both parties agree to removal of this matter from mandatory mediation.

IT IS FURTHER RECOMMENDED consistent with the parties' request that the following briefing schedule be entered:

Appellant's opening brief be due within 30 days after the court's order excusing this matter from mediation and setting of a briefing schedule;

Appellee's answering brief due within 30 days after filing and service of appellant's opening brief;

Appellant's reply brief due within 15 days after filing and service of appellee's answering brief.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE