# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Joan Fabrics Corporation, et al.<br><br>Debtor. | Chapter 7<br>Bankruptcy Case No. 07-10479-CSS<br>(Jointly Administered) |
| Fred Godley,<br><br>Appellant,<br><br>v.<br><br>Rutherford County,<br><br>Appellee. | Civil Action No. 14-774-RGA |

## MEMORANDUM

Presently before the Court is Fred Godley's appeal (D.I. 1) from the Bankruptcy Court's May 5, 2014 Order (D.I. 1-2) denying his Motion to Enforce Sale Order.

1. Introduction.[1] Joan Fabrics Corp. and Madison Avenue Designs, LLC (collectively, the "Debtors") filed for bankruptcy on April 10, 2007. On June 4, 2007, the Bankruptcy Court approved an order authorizing the Debtors to sell several parcels of real property (the "Real Property") to Godley pursuant to an Asset Purchase Agreement ("APA"). (Bankr. D.I. 441; Bankr. D.I. 1015, Ex. B at 3). Per the terms of the APA, Godley purchased the Real Property subject only to "Permitted Encumbrances," which included "[e]asements, liens, restrictions, encumbrances, encroachments, agreements and other matters of record . . . ." *Id.* In 2011, Rutherford County ("Appellee") attempted to enforce a lien on the Real Property arising from

---

[1] The Bankruptcy Court Opinion provides a more extensive background of the case. *In re Joan Fabrics Corp.*, 508 B.R. 881, 883–85 (Bankr. D. Del. 2014). The Court writes primarily for the benefit of the parties and thus presumes familiarity with the relevant facts.

2007 business personal property taxes (the "Tax Lien") that allegedly accrued from January 1, 2007, until the June 4, 2007 asset sale. Godley filed a Motion to Enforce the Sale Order, including a request to hold Appellee in contempt. (Bankr. D.I. 974). The Bankruptcy Court's May 5, 2014 Order denied that Motion.

2. Contentions. Presently at issue is whether the Bankruptcy Court erred in holding that the asserted Tax Lien is "of record," and thus a "Permitted Encumbrance" under the APA.[2] Appellant argues that the Bankruptcy Court's conclusion was erroneous, because, under North Carolina law, an encumbrance on real property can only be "of record" if it is recorded in the county's register of deeds, rather than the county tax records. (D.I. 8, at pp. 7–8). Appellant also claims that the Bankruptcy Court abused its discretion by denying his request to hold Appellee in contempt for violating the Sale Order. *Id.* at p. 14. Appellee contends that the Bankruptcy Court correctly found that the Tax Lien was a matter "of record" as defined by the APA, and thus the May 5, 2014 Order should be affirmed. (D.I. 9, at p. 4).

3. Standard of Review. Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. District courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1) and (3). This Court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over questions of law. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.,* 197 F.3d 76, 80 (3d Cir. 1999).

The parties disagree as to whether the Court should review the issue on appeal as a question of law or a question of fact. (D.I. 10, at p. 3; D.I. 9, at p. 1). "Contract interpretation is a

---

[2] Under North Carolina law, a business personal property tax lien can attach to real property of the taxpayer located within the same taxing unit. N.C. Gen. Stat. § 105-355(a).

2

question of fact, and review is according to the clearly erroneous standard. In contrast, contract construction is a question of law mandating plenary review." *John F. Harkins Co. v. Waldinger Corp.*, 796 F.2d 657, 659 (3d Cir. 1986) (internal citations omitted). A court is interpreting language in a contract when it "determine[s] what ideas that language induces in other persons," and requires a court to "ascertain[] the intent of the parties." *Id.* (quoting 3 Corbin on Contracts, § 534 at 9 (1960)). On the other hand, "[c]onstruction . . . is a process by which legal consequences are made to follow from the terms of the contract and its more or less immediate context . . . ." *Id.* In its Opinion, the Bankruptcy Court did not attempt to ascertain the intent of the original parties to the APA. Appellee was not even a party to the APA. Instead, the Bankruptcy Court's inquiry focused on the legal effect of the phrase "of record," as defined by North Carolina law. *See In re Joan Fabrics Corp.*, 508 B.R. at 888–91. This sort of analysis is contract construction, and, therefore, is a matter of law that the Court will review de novo.

The Court will review the Bankruptcy Court's failure to hold Appellee in contempt for an abuse of discretion. *See Harley-Davidson, Inc. v. Morris*, 19 F.3d 142, 145 (3d Cir. 1994).

4. Analysis. After reviewing the parties' papers, the Court concludes that the Bankruptcy Court reached the correct legal conclusions. Appellant does not dispute the Bankruptcy Court's conclusion that, according to North Carolina law, an encumbrance is "of record" if it is "recorded in the appropriate records." (D.I. 8, at p. 9); *see RAM of Eastern North Carolina, LLC v. Weyerhaeuser Real Estate Dev. Co.*, 2011 U.S. Dist. LEXIS 94424, at *12 (E.D.N.C. Aug. 23, 2011). However, this Court disagrees with Appellant's argument that the "appropriate" record for business personal property taxes is the register of deeds. Under North Carolina law, "[a]ll property subject to ad valorem taxation shall be listed annually." N.C. Gen. Stat. § 105-285(a). "Listings and assessments and any changes . . . shall be entered on the county

tax records." *Id.* § 105-319(d). "[T]he obligation to pay *ad valorem* property taxes in the State of North Carolina attaches at the time the property is listed, even though the *amount* of the tax has not yet been determined." *In re Members Warehouse, Inc.*, 991 F.2d 116, 120 (4th Cir. 1993); *see* N.C. Gen. Stat. § 105-285(a). The parties do not dispute that Debtors' 2007 business personal property was listed on the county tax records before Godley purchased the Real Property. (Bankr. D.I. 1015, at p. 2).

Nevertheless, Appellant relies on various authorities to support his argument that the register of deeds is the only appropriate index to record Appellee's asserted Tax Lien. The Court finds that these authorities are inapplicable to the present dispute. Appellant misconstrues N. C. Gen. Stat. §§ 47-20 and 47-20.1. Section 47-20 discusses the priority of certain encumbrances on real property, but applies only to a "[d]eed of trust or mortgage of real or personal property, or . . . a leasehold interest or other chattel real, or conditional sales contract of personal property." N.C. Gen. Stat. § 47-20. Section 47-20.1 is even more restrictive, setting forth the registration requirements only for a "deed of trust or mortgage of real property." N.C. Gen. Stat. § 47-20.1. Neither statute applies to the type of encumbrance at issue here.

Appellant's reliance on *SunTrust Bank, N.A. v. Macky (In re McCormick)*, 669 F.3d 177 (4th Cir. 2012), is similarly misplaced. Appellant misreads that Court's statement that "North Carolina law allows a purchaser to rely exclusively on the official recordation index of the county to discover liens, *regardless of what other independent knowledge* that purchaser might have." *Id.* at 178. The reasoning of that decision reveals that the Court was not making a blanket statement suggesting that all possible encumbrances on real property must be recorded in the register of deeds. Instead, the Court was merely explaining that under North Carolina's "pure race" system, priority for the instruments listed in N.C. Gen. Stat. § 47-20(a) is dependent solely

4

on constructive record notice, rather than other forms of notice. *Id.* at 183. Moreover, that Court was analyzing the types of instruments covered by § 47-20(a), which as stated above, does not apply to the type of encumbrance at issue here. *Id.* at 180.

5. <u>Conclusion</u>. The Bankruptcy Court did not err in holding that the asserted Tax Lien was an encumbrance "of record," and thus a "Permitted Encumbrance" under the APA. Appellee did not violate the Sale Order by attempting to recover on that lien, and the Bankruptcy Court did not abuse its discretion by failing to hold Appellee in contempt. Accordingly, the Bankruptcy Court's May 5, 2014 Order is **AFFIRMED**.

An appropriate Order will issue.

United States District Judge

November 5, 2014
Wilmington, Delaware

5